IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SABRINA BROWN                                                                                          PLAINTIFF

vs.                                    Civil No. 4:14-cv-04011

CAROLYN COLVIN                                                                                        DEFENDANT
Commissioner, Social Security Administration

# MEMORANDUM OPINION

Sabrina Brown ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff's applications for DIB and SSI were filed on June 22, 2012. (Tr. 12, 133-142). Plaintiff alleged she was disabled due to an injured left leg. (Tr. 156). Plaintiff alleged an onset date of May 30, 2012. (Tr. 12). These applications were denied initially and again upon reconsideration. (Tr. 45-55). Thereafter, Plaintiff requested an administrative hearing on her applications and this hearing request was granted. (Tr. 66).

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

1

Plaintiff's administrative hearing was held on April 8, 2013. (Tr. 26-44). Plaintiff was present and was represented by Stanley Brummal, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Donald Anderson testified at this hearing. *Id.* At the time of this hearing, Plaintiff was thirty-six (36) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had an eleventh grade education. (Tr. 30).

On May 14, 2013, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 12-21). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 14, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 30, 2012, her alleged onset date. (Tr. 15, Finding 2).

The ALJ also determined Plaintiff had the severe impairments of status post left leg surgeries and drug use (marijuana). (Tr. 15, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 17-19). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to lift, carry, push, or pull twenty pounds occasionally and ten pounds frequently; stand, walk, or sit for six hours out of an eight-hour work day; occasionally stoop, kneel, crouch, crawl, or climb ramps or stairs; never climb ropes, ladder, or scaffold; and should avoid unprotected heights. (Tr. 17, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 19, Finding 6). The ALJ

found Plaintiff was able to perform her PRW as a chicken deboner and fast food worker. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from May 30, 2012 through the date of the decision. (Tr. 20, Finding 7).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 8). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On January 9, 2014, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10, 11. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to find Plaintiff met

4

a Listing, (B) in failing to consider a closed period of disability (C) in the RFC determination (D) in failing to properly consider Plaintiff's complaints of pain, and (E) in failing to present a proper hypothetical to the VE.  ECF No. 10, Pgs. 7-12.  In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 11.

### A. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities.  A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities.  *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations.  These impairments included status post left leg surgeries and drug use (marijuana).  (Tr. 15, Finding 3).  However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments.  *See* 20 C.F.R. pt. 404, subpt. P, app.1.  Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments.  *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990).  Plaintiff has not met this burden.

Plaintiff argues she meets a Listing under Section 1.02, 1.03, and 1.06 due to her left leg fracture.  ECF No. 10, Pgs. 8-12.  Defendant argues Plaintiff has failed to establish she meets theses Listings.  ECF No. 11, Pgs. 4-7.

Impairments found under Listing 1.02(A) for major joint dysfunction requires evidence of:

> major dysfunction of a joint characterized by gross anatomical deformity (e.g., subluxation, contracture, bony, or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint,

> and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint, with involvement of one major peripheral weight-bearing joint (i.e. hip, knee, or ankle), resulting in an inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.02(A).

In this matter, Plaintiff has failed to establish she is unable to ambulate effectively. Plaintiff has no evidence she has to use a walker, two crutches, or two canes to walk, or that a physician prescribed these items. Also, Plaintiff did not present any evidence showing gross anatomical deformities of a joint with signs of limitations of motion or any joint space narrowing, bony destruction or ankylosis.

To meet Listing 1.03, Plaintiff must show that she underwent a reconstructive surgery or surgical arthrodesis of a major weight bearing joint with inability to ambulate effectively and return to effective ambulation did not occur, or is not expected to occur within twelve months of onset. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, listings 1.03. Plaintiff has failed to meet this Listing.

Plaintiff underwent two surgical procedures between May and October 2012 for a left tibia fracture, however, the ALJ correctly noted Plaintiff had no difficulty with effective ambulation and was cleared to bear weight on the left within twelve months of the initial surgery. (Tr. 17, 474-479). Plaintiff was released by Dr. Greg Smolarz to bear weight on her left leg on December 11, 2012, approximately six months after her initial surgery on May 31, 2012. (Tr. 474).

With Listing 1.06, Plaintiff must show a solid union that is not evident on appropriate medically imaging and not clinically solid, along with an inability to ambulate effectively and return to effective ambulation did not occur or was not expected to occur within twelve months of onset. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, listings 1.06. The evidence shows Plaintiff's conditions do not meet Listing 1.06.

On December 11, 2012, Dr. Smolarz indicated Plaintiff's fracture was improving, x-rays looked good as far as alignment, showed evidence of healing, and Plaintiff could bear-weight as tolerated. (Tr. 474, 477-78). On February 12, 2013, Dr. Smolarz discharged Plaintiff from his care, stating Plaintiff's entire fracture appeared to be healed and she was getting around much better than she was previously. (Tr. 479). On May 30, 2013, Plaintiff had an x-ray of her left lower leg that revealed evidence of a healing fracture, intact fibula and reasonably well maintained joint spaces. (Tr. 493).

I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### B. Closed Period of Disability

Plaintiff argues the ALJ erred by not considering Plaintiff for a closed period of disability. ECF No. 10, Pgs. 12-13. The Commissioner may award Social Security disability benefits either on a continuing basis or, where a once-disabling condition later ceases to be disabling, for a "closed period." *Harris v. Sec'y of Dep't. of Health & Human Servs.*, 959 F.2d 723, 724 (8th Cir. 1992). However, to qualify for a closed period of disability, the disabling condition must last for at least twelve months. 42 U.S.C.423(d)(1)(A); *Karlix v. Barnhart*, 457 F.3d 742, 747 (8th Cir. 2006).

Plaintiff underwent two surgical procedures between May and October 2012 for a left tibia fracture. Although, Dr. Smolarz noted on June 19, 2012 it would take at least a year for Plaintiff to heal and bear weight on the left side; Plaintiff was released by Dr. Smolarz to bear weight on her left leg on December 11, 2012, approximately six months after her initial surgery on May 31, 2012. (Tr. 474, 494). On February 12, 2013, Dr. Smolarz discharged Plaintiff from his care, stating Plaintiff's entire fracture appeared to be healed and she was getting around much better than she was previously. (Tr. 479). On May 30, 2013, Plaintiff had an x-ray of her left lower leg that revealed

evidence of a healing fracture, intact fibula and reasonably well maintained joint spaces. (Tr. 493).

Plaintiff failed to establish she met a closed period of disability which lasted at least twelve months.

### C. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to lift, carry, push, or pull twenty pounds occasionally and ten pounds frequently; stand, walk, or sit for six hours out of an eight-hour work day; occasionally stoop, kneel, crouch, crawl, or climb ramps or stairs; never climb ropes, ladder, or scaffold; and should avoid unprotected heights. (Tr. 17, Finding 5). Plaintiff argues

the ALJ erred in this RFC determination. ECF No. 10, Pgs. 14-16. However, substantial evidence supports the ALJ's RFC determination.

As previously mentioned, Plaintiff underwent two surgical procedures between May and October 2012 for a left tibia fracture, however, the ALJ correctly noted Plaintiff had no difficulty with effective ambulation and was cleared to bear weight on the left within twelve months of the initial surgery. (Tr. 17, 474-479). Plaintiff was released by Dr. Smolarz to bear weight on her left leg on December 11, 2012, approximately six months after her initial surgery on May 31, 2012. (Tr. 474). On February 12, 2013, Dr. Smolarz discharged Plaintiff from his care, stating Plaintiff's entire fracture appeared to be healed and she was getting around much better than she was previously. (Tr. 479). On May 30, 2013, Plaintiff had an x-ray of her left lower leg that revealed evidence of a healing fracture, intact fibula and reasonably well maintained joint spaces. (Tr. 493).

Additionally, on August 8, 2012, Dr. Hajra Madani reviewed Plaintiff's records and found Plaintiff had no exertional, postural, manipulative, or environmental limitations. (Tr. 392-399). Dr. Madani noted Plaintiff had a tibia fracture, and the medical evidence of record shows Plaintiff was improving and was expected to have no physical limitations within twelve months of her injury. (Tr. 399).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination finding Plaintiff capable of performing light work except cannot reach overhead. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**D. ALJ's Credibility Determination**

Plaintiff also claims the ALJ erred in his credibility determination. ECF No. 10. In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 11, Pages 10-12.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing her credibility as it related to the limiting effects of her impairments and did not fully consider her subjective complaints. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski* and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 18-19). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (4) Plaintiff has not required regular treatment since being released by treating physician, (5) Plaintiff stopped working because she was laid off and not because of an impairment, (6) An inconsistent work record, and (7) Failure to follow recommended treatment. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's complaints of pain.

**E. Step 4 Findings**

Plaintiff claims substantial evidence does not support the ALJ's finding that Plaintiff could perform her PRW. Defendant claims substantial evidence supports the ALJ's decision that Plaintiff has the RFC to perform her PRW as a chicken deboner and fast food worker. This Court finds the ALJ's determination that Plaintiff has the RFC to perform her PRW is supported by substantial evidence and in making that determination, the ALJ provided a sufficient basis for his determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

The ALJ found Plaintiff retained the RFC to lift, carry, push, or pull twenty pounds occasionally and ten pounds frequently; stand, walk, or sit for six hours out of an eight-hour work

day; occasionally stoop, kneel, crouch, crawl, or climb ramps or stairs; never climb ropes, ladder, or scaffold; and should avoid unprotected heights. (Tr. 17, Finding 5). The ALJ went on to find Plaintiff's PRW did not require performance of work-related activities precluded by the Plaintiff's RFC. (Tr. 19). As a result, the ALJ determined Plaintiff had not been under a disability at anytime through the date of his decision. (Tr. 20). Plaintiff argues the ALJ erred in his step four determination because he failed to ask a hypothetical question of Plaintiff.

The ALJ asked the VE about the exertional demands and skill requirements of Plaintiff's PRW. (Tr. 41-42). In response, the VE testified Plaintiff's work as a chicken deboner and fast food worker was light, did not require more than occasional stooping, kneeling, crouching, or crawling, and did not involve exposure to unprotected heights. *Id.* It is the burden of the Plaintiff to prove she could not perform her past relevant work. In determining whether the Plaintiff has the capacity to perform her PRW, the regulations do not require the ALJ to call a vocational expert. *Banks v. Massanari,* 258 F.3d 820, 827 (8th Cir. 2001). Therefore, any claim the ALJ posed defective hypothetical to the vocational expert is moot.

There is substantial evidence of record to support the ALJ's RFC finding and conclusion that Plaintiff remains capable of performing her PRW.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **5th day of February 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE